IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| MELVIN LEE GATLIN, | ) | Cause No. CV 12-46-M-DLC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MARTIN FRINK, Warden; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On March 27, 2012, Petitioner Melvin Lee Gatlin filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Gatlin is a state prisoner proceeding pro se. On June 21, 2012, Respondent ("the State") was ordered to file certain documents from the state court record. It complied on July 17, 2012. On August 10, 2012, Gatlin filed a Supplement.

1

## I. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). Consideration under Rule 4 "may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases. "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*; *see also* 28 U.S.C. § 2243.

## II. Background

On December 4, 2007, two casinos in Missoula reported robberies. About two

2

hours later – a little more than the time it takes to drive from Missoula to Butte – someone robbed a Thriftway store in Butte. The description of the man and the car involved in the Missoula robberies matched the description of the man and the car involved in the Butte robbery. Law enforcement spotted the vehicle. After a chase ending in Jefferson County, the man was arrested and taken to the Butte-Silver Bow County jail. He was identified as Melvin Lee Gatlin and charged with robbery in Butte-Silver Bow County. *See State v. Gatlin*, 219 P.3d 874, 876 ¶¶ 5-6 (Mont. 2009).

On December 10, 2007, Gatlin was charged by complaint in Missoula County's Justice Court, *see* Mont. Code Ann. §§ 3-10-303(1)(e), 46-6-201 (2007), and an arrest warrant was issued, Warrant (doc. 1-1 at 16). The day after Gatlin was served with the Missoula warrant at the Butte-Silver Bow County jail, he appeared in Butte-Silver Bow County Justice Court. The justice of the peace failed to advise him of his right to counsel on the Missoula County charges. Gatlin was returned to the Butte-Silver Bow County jail, where he remained for the course of the Butte prosecution.

Gatlin pled no-contest to the Butte robbery and, on May 8, 2008, he was sentenced to serve five years in prison. On the same day, he was transported to

3

Missoula County.[1]  He appeared in Missoula County Justice Court on May 9, 2008. About two weeks later, the State filed an Information in the district court.

Gatlin moved to dismiss the Information because there was no preliminary examination, because the Information was not filed within a reasonable time after the non-existent preliminary examination, and because he was not advised of his right to counsel at his initial appearance in Butte-Silver Bow County on the Missoula charges. The trial court denied the motion.

Gatlin pled guilty pursuant to a plea agreement that preserved his right to appeal the denial of his motion to dismiss.  On November 12, 2008, he was sentenced to serve twenty-five years in prison, with ten suspended, concurrent to the sentence in the Butte case.  Sentencing Tr. at 120:11-121:14, *State v. Gatlin*, No. DC-08-247 (Mont. 4th Jud. Dist. Nov. 12, 2008) (doc. 7-1 at 31).

Gatlin appealed.  The Montana Supreme Court agreed with him that the Missoula County charges must be dismissed because the Butte-Silver Bow County justice of the peace failed to advise Gatlin of his right to counsel. *Gatlin*, 219 P.3d at 877 ¶¶ 17-23 (citing Mont. Code Ann. § 46-7-102).  But the court held that dismissal should be without prejudice, reasoning that Gatlin had not shown how his defense was

---

[1] In February 2008, acting on his own initiative, Gatlin wrote to the Public Defender in Missoula County.  A public defender filed a notice of appearance on his behalf in Missoula County Justice Court the next day.  Because counsel took no action, however, this fact will not be considered.

4

prejudiced by lack of counsel on the Missoula County charges between December 2007 and May 2008. *Id.* at 878-79 ¶¶ 24-29. Gatlin's conviction was reversed and the case was remanded for dismissal of the Information without prejudice. *Id.* at 879 ¶ 31.

The State filed a new Information. Gatlin again pled guilty and, this time, was sentenced to ten years in prison on both counts, concurrent with the Butte sentence. Pet. at 2 ¶ 4. He later filed a petition for postconviction relief. On December 6, 2011, the Montana Supreme Court affirmed the trial court's denial of postconviction relief.

Gatlin timely filed his federal habeas petition on March 25, 2012. 28 U.S.C. § 2244(d)(1)(A); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### III. Gatlin's Claims

Gatlin alleges that the proceedings in Missoula County violated his federal constitutional protection against double jeopardy, Pet. (doc. 1) at 4 ¶ 15A, and the guarantees of due process and speedy trial, *id.* at 7-10; and that his counsel was ineffective, in violation of the Sixth Amendment, because he failed to file a federal habeas petition against the refiling of charges in 2011 and because he advised his client to plead guilty to the re-filed charges, *id.* at 4 ¶ 15B.

### IV. Analysis

All the documents in the record before the Court, including Gatlin's Supplement, have been reviewed. While other standards might apply, and while there could be procedural issues, the most efficient course is to address each of Gatlin's claims on the merits and *de novo*. 28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983); *see also Frantz v. Hazey*, 533 F.3d 724, 737 (9th Cir. 2008) (en banc).

### A. Double Jeopardy

"It is a venerable principle of double jeopardy jurisprudence that the successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge." *Montana v. Hall*, 481 U.S. 400, 402 (1987) (per curiam) (internal quotation marks, citations, and brackets omitted). This claim should be denied.

### B. Speedy Trial

"[T]he actual restraints imposed by arrest and holding to answer a criminal charge . . . engage the particular protections" of the Sixth Amendment's speedy trial guarantee. *United States v. Lovasco*, 431 U.S. 783, 788 (1977) (internal quotation marks omitted). Gatlin's Sixth Amendment right to a speedy trial attached when he

6

was arrested on the Missoula County warrant, which was itself issued upon the Missoula County Justice Court's finding of probable cause in the prosecutor's complaint.[2] But "the right to a speedy trial is a more vague concept than other procedural rights. It is . . . impossible to determine with precision when the right has been denied." *Barker v. Wingo*, 407 U.S. 514, 521 (1972). No federal rule sets forth a specific period of time within which a trial must commence. Courts consider the conduct of both the prosecution and the defense and employ a "difficult and sensitive balancing process," *id.* at 533, weighing the length of the delay between charge or arrest and trial, the reason for the delay, whether the defendant asserted his right to a speedy trial, and whether he was prejudiced as a result of the delay, *id.* at 530. On the other hand, "the ordinary procedures for criminal prosecution are designed to move at a deliberate pace." *United States v. Ewell*, 383 U.S. 116, 120 (1966), *quoted in Barker*, 407 U.S. at 521 n.15.

As a general rule of thumb, speedy trial concerns are triggered as delay "approaches one year." *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Delay that is intentional and exploitive may be much shorter and yet weigh heavily

---

[2] Assuming, for argument's sake, the Fourteenth Amendment's Due Process Clause compels the States to eschew excessive pre-indictment delay, *cf. United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989); *Howell v. Barker*, 904 F.2d 889, 894-96 (4th Cir. 1990), a defendant would have to show "actual, non-speculative prejudice," *Sherlock*, 962 F.2d at 1353. That burden is a very heavy one, *id.* at 1354, and none of the facts alleged in the pleadings or shown in the record suggest Gatlin could meet it.

7

in favor of the accused. Here, however, Gatlin identifies no advantage the State gained by putting the Missoula County charges on hold while the Butte charges were prosecuted to completion. Even assuming, therefore, the delay was intentional, there is no support for an inference that it was exploitive.

Nor is there reason to believe Gatlin suffered undue prejudice as a result of the delay in prosecuting the Missoula charges. His pretrial detention was due just as much to the pending Butte charges as to the Missoula charges.[3] There is no reason to think his bail would have been reduced if the Butte and Missoula charges had proceeded together, especially considering the circumstances of his spree and flight to elude arrest. His Missoula County sentence is concurrent with his Butte sentence; in fact, after the charges were re-filed, the sentence imposed was lighter by a five-year prison term and a ten-year suspended term. Plea Agreement at 2, *State v. Gatlin*, No. DC-09-587 (Mont. 4th Jud. Dist. June 14, 2010); Appellant Br. at 5, *Gatlin v. State*, No. DA 11-0319 (Mont. Aug. 29, 2011) (doc. 7-12 at 7) (stating that "the district court sentenced Gatlin in accordance with the plea agreement" reached after charges were re-filed).

Because Gatlin was without counsel,[4] his failure to demand a speedy trial before

---

[3] This is a dispositive point of distinction between Gatlin's case and *State v. Shaffer*, No. DC-11-236 (Mont. 4th Jud. Dist. July 26, 2011) (doc. 8-1 at 1-7).

[4] *See* note 1, *supra*.

8

he appeared in Missoula County will not weigh against him. But the length of the delay was thoroughly unremarkable. Gatlin was arrested on the Missoula charges on December 4, 2007. The Information was filed in late May 2008. Gatlin changed his plea on October 1, 2008, and was sentenced on November 12, 2008. That is less than one year from the commission of the crime to the pronouncement of judgment. Further, delays were reasonable given pending prosecutions in two counties, and even the attorney who filed a Notice of Appearance on Gatlin's behalf in February took no action to push the case forward.

Even charging every day consumed by the Missoula case to the State, Gatlin's constitutional right to a speedy trial was not violated. This claim should be denied.

**C. Due Process**

Gatlin might have a due process claim if a provision of state law so unambiguously conferred a right to dismissal *with prejudice* as to give rise to "a substantial and legitimate expectation" that Gatlin could not be recharged. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).

Although Montana law gives greater scope than federal law to claims of double jeopardy, *e.g.*, Mont. Code Ann. § 46-11-503(1)(b); *State v. Guillaume*, 975 P.2d 312, 316 ¶ 16 (Mont. 1999), nothing in Montana law bars Gatlin's re-prosecution following dismissal of the original charge without prejudice.

9

Although state law prohibits "unreasonable" delay between a defendant's arrest on a complaint and the filing of an Information in the District Court, Mont. Code Ann. § 46-10-105, determination of the reasonableness of delay is within the discretion of the district court. *State v. McElderry*, 944 P.2d 230, 233 (Mont. 1997). *Hicks* found federal constitutional error where a state appellate court purported to exercise discretion that state law unambiguously committed to the jury. *See* 447 U.S. at 346 (rejecting as "frail conjecture" state appellate court's finding that jury "*might* have imposed a sentence equally as harsh" had it been correctly instructed under state law) (emphasis in *Hicks*). "Unreasonable" delay before the filing of an Information is not, by comparison, the kind of unambiguous, straight-out entitlement that might support federal habeas relief on due process grounds.

Further, a majority of the Montana Supreme Court found that dismissal with prejudice was not an appropriate remedy in Gatlin's case. *State v. Gatlin*, 219 P.3d 874, 879 ¶ 31 (Mont. 2009). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions," *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), at least not where those determinations involve the weighing of factors and the exercise of discretion, *Gatlin*, 219 P.3d at 878-79 ¶¶ 27-28. In particular, while Gatlin contends that police showed a photo line-up of possible suspects, including him, to various witnesses on December 11, 2007, neither federal

10

nor state law entitled Gatlin to attend the photographic lineup through counsel. *United States v. Ash*, 413 U.S. 300, 321 (1973); *State v. Dahl*, 620 P.2d 361, 364 (Mont. 1980). Gatlin does not claim the Montana Supreme Court erred in finding that "[t]he Missoula County Attorney took no steps to advance the case against Gatlin while he was without counsel." *Gatlin*, 219 P.3d at 878 ¶ 27. Therefore, the Montana Supreme Court's determination of the prejudice issue also did not interfere with any objectively "substantial and legitimate expectation" that dismissal would be with prejudice. In connection with this claim, Gatlin alleges, at most, a potential error in the application of state law, Pet. at 8-9, and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Gatlin's claims that federal due process violations arose from violations of state law should be denied.

### D. Ineffective Assistance of Counsel

Claims of ineffective assistance of trial counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Gatlin must show both that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient

11

showing on one." *Id.* at 697.

Gatlin identifies no valid defense he lost as a result of pleading guilty to the re-filed charges. He realized substantial benefit from his plea bargain, because the State agreed the appropriate sentence was ten years, and that is what the court imposed. Previously, his prison term was five years longer, and it was followed by a ten-year suspended term. Gatlin also fails to identify any ground on which he could have prevailed in federal habeas corpus proceedings – even assuming, for the sake of argument, that the *Strickland* standard would apply to such a claim. This claim should be denied in its entirety.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Gatlin presents no open questions and nothing on which reasonable jurists could

disagree. Re-filing of charges after a defendant persuades an appellate court to vacate his conviction and dismiss charges without prejudice does not violate the federal Double Jeopardy Clause. A prosecution that took less than one year from commission of the crime to pronouncement of sentence – especially in light of the complete disposition of pending charges in another county within the same year – simply is not a good candidate for claiming a speedy trial violation, and no other factor appears, either in Gatlin's allegations or in the record before the Court, to support an inference that the Constitution was violated by the delay between Gatlin's arrest and his transfer to Missoula County. Nothing in state law conferred on Gatlin an unambiguous right to have the original Missoula County charges dismissed *with* prejudice. Gatlin identifies nothing unreasonable about counsel's advice to plead guilty to the re-filed charges, particularly in light of a plea agreement that resulted in a sentence fifteen years less than he received on the original charges. There was and is no basis for federal habeas relief to prevent the State from re-filing the charges. There is no reason to encourage further proceedings. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

### ORDER

1. The Petition (doc. 1) and Supplement (doc. 8) are DENIED on the merits.

2. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 30th day of October, 2012.

                                         /s/ Dana L. Christensen
                                        Dana L. Christensen
                                        United States District Judge